UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CITIZEN A,
Plaintiff,

v.
Civil Action No. 26-cv-1146

UNITED STATES OF AMERICA,
Defendant.

FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
Amended as a Matter of Course pursuant to Fed. R. Civ. P. 15(a)(1)

INTRODUCTION

1. This action challenges a structural, constitutional defect in the regulatory oversight of the nation's internet service infrastructure: the absence of a required Architecture of Consent.

2. Plaintiff challenges the Default-On delivery model of mature content at the point of internet service. Because internet access is a mandatory utility for modern life—education, employment, and government access—the current architecture forces a mandatory waiver of an individual's liberty to maintain a chosen home environment.

3. This is not a request for censorship. Plaintiff seeks a procedural remedy: an Opt-In/Opt-Out mechanism that restores consumer autonomy without infringing upon the First Amendment rights of content creators or providers.

JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331.

5. Venue is proper under 28 U.S.C. § 1391(e) because the Defendant is the United States.

STATE ACTOR DOCTRINE AND THE FIFTH AMENDMENT

6. Internet Service Providers—ISPs—function as the public square of the 21st century, performing a public function traditionally overseen by the State.

7. By granting ISPs the authority to operate as common-carrier-like utilities while failing to regulate for Neutrality of Default, the United States has sanctioned an environment of Architectural Coercion.

8. This omission of regulation constitutes State Action that deprives Plaintiff of liberty and property—privacy of the home and device—without Due Process, by forcing Plaintiff to manually police a firehose of unwanted data intrusion as a condition of using a necessary utility.

DEFECTIVE DESIGN AND CONSUMER EXPECTATIONS

9. The current Default-On model is an inherent design defect. It fails the Consumer Expectations Test, as a reasonable user expects a communication utility to be clean until the user explicitly chooses to invite mature content into their private domain.



RECEIVED
APR 03 2026
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

10. Forcing the undue burden of filtering onto the individual—rather than requiring a neutral choice at the point of contract—is a structural failure that serves no compelling government interest.

FIRST AMENDMENT HARMONIZATION

11. Plaintiff acknowledges the First Amendment right to produce and access speech. However, the First Amendment does not grant a right to forced inclusion of high-arousal mature content in a user's private residence or on a user's private device.

12. The requested Choice Architecture—Opt-In/Opt-Out—is the least restrictive means of protecting both the right to speak and the right not to be a captive audience.

CLAIM FOR RELIEF — COUNT I

Constitutional Violation: Procedural Due Process and Structural Injury

13. The absence of a required choice mechanism constitutes a deprivation of Plaintiff's liberty to exist in an environment consistent with their values.

14. The United States' failure to require ISPs to offer a Neutral Baseline violates the Fifth Amendment's guarantee of Due Process.

PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court:

A. Declare the Default-On architecture of federally regulated internet service a structural constitutional defect.

B. Order the Defendant to implement regulations requiring a Choice Architecture—Opt-In/Opt-Out toggle—at the ISP level.

C. Grant such other relief as the Court deems just and proper.

Dated: April 03, 2026

Respectfully submitted,
/s/ Citizen A
Citizen A
California
Pro Se

CERTIFICATE OF SERVICE

Plaintiff certifies that service will be completed upon issuance of summons in accordance with Fed. R. Civ. P. 4(i).

/s/ Citizen A
Citizen A