**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

CITIZEN A,

     Plaintiff,

       v.

UNITED STATES OF AMERICA,

     Defendant.

Civil Action No. 26-1146

**MEMORANDUM OPINION AND ORDER**

In this *pro se* lawsuit, Plaintiff John Doe (who seeks to be called "Citizen A") challenges "the absence of any opt-in or opt-out mechanism for mature content at the point of internet service." ECF No. 1 (Compl.), ¶ 1; see also ECF No. 3 (Am. Compl.), ¶¶ 1–3. Plaintiff previously moved to proceed pseudonymously, see ECF No. 2 (Mot.), but the Court denied his motion without prejudice for failure to address the five-factor inquiry that applies to such motions. See Minute Order of Apr. 6, 2026. Doe has now filed a new Motion to Proceed Under Pseudonym. See ECF No. 4 (Second Mot.) at 1. Plaintiff has still not made the detailed showing required to overcome the presumption in favor of disclosure, however, so the Court will deny the Motion. See LCvR 40.7(f) (providing that Chief Judge shall "hear and determine . . . motion[s] to file a pseudonymous complaint").

I.    **Legal Standard**

Generally, a complaint must identify the plaintiffs. See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1), 11.1. That requirement reflects the "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of

1

governmental processes,' and, more specifically, from the tradition of open judicial proceedings." In re Sealed Case, 931 F.3d 92, 96 (D.C. Cir. 2019) (quoting Wash. Legal Found. v. U.S. Sentencing Comm'n, 89 F.3d 897, 899 (D.C. Cir. 1996)).  A party moving to proceed pseudonymously thus "bears the weighty burden of both demonstrating a concrete need for such secrecy, and identifying the consequences that would likely befall it if forced to proceed in its own name." In re Sealed Case, 971 F.3d 324, 326 (D.C. Cir. 2020).  As a result, the court must "'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure'" by applying a "flexible and fact driven" balancing test.  Id. (quoting In re Sealed Case, 931 F.3d at 96).  That test assesses "five non-exhaustive factors":

> [1] whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature;

> [2] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties;

> [3] the ages of the persons whose privacy interests are sought to be protected;

> [4] whether the action is against a governmental or private party; and relatedly,

> [5] the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Id. at 326–27 (quoting In re Sealed Case, 931 F.3d at 97) (first alteration in original).

## II.    Analysis

Even at this early stage, Plaintiff has not met his burden of showing that his privacy interests outweigh the public's presumptive and substantial interest in learning his identity.  The Court will address each factor in turn.

Doe misses the mark on the first factor, which the Court must conclude supports disclosure.  Under this factor, the Court must consider whether this lawsuit would bear on the kind of "sensitive and highly personal" information about Doe or other individuals that can

weigh in favor of pseudonymity.  Id. at 326–27 (citation omitted) (emphasis added) (listing as examples "sexual activities," "medical concerns," or "identity of abused minors").  Doe nowhere identifies any such information.  He asserts that "[t]he underlying facts involve sensitive and highly personal circumstances," Second Mot. at 1, but he does not explain how or why.  In fact, neither the Complaint nor the Amended Complaint discusses any personal information at all.  See generally Compl.; Am. Compl.  Plaintiff's contentions about "personal dignity, psychological well-being, and reputational harm," Second Mot. at 1, are therefore too speculative and unsubstantiated to weigh in favor of pseudonymity.  See John Doe Co. No. 1 v. Consumer Fin. Prot. Bureau, 195 F. Supp. 3d 9, 22 (D.D.C. 2016) ("[S]peculative and unsubstantiated claims of harm to [plaintiff's] reputational . . . interests are insufficient to justify proceeding anonymously[.]"); Doe v. Rubio, 2025 WL 1676007, at *3 (D.D.C. June 13, 2025) ("[G]eneralized claims of mental hardship that are unconnected to any substantial threats of psychological damage are insufficient to support pseudonymity.")

Doe runs aground on the second factor, too.  He offers only conclusory and unsupported claims for why bringing this lawsuit would trigger "a risk of retaliatory physical or mental harm."  In re Sealed Case, 971 F.3d at 326 (citation omitted).  Doe further asserts that disclosure would "create foreseeable collateral harm to non-parties . . . whose privacy interests would be affected," but he provides no explanation as to why or who those non-parties might be.  See Second Mot. at 1.

The third factor supports disclosure because nothing in Plaintiff's Complaint or Motion suggests that his case implicates the privacy of minors.  See Doe v. Burns, No. 23-2937, ECF No. 7 (Mem. Op. & Order) at 6 (D.D.C. Oct. 5, 2023).  Doe is an adult, and his unsupported

assertion that "the circumstances involve younger . . . individuals" fails to tilt this factor in his favor.  See Second Mot. at 1.

The fourth factor also supports disclosure.  In cases with a government defendant, this factor turns on the nature of relief sought.  Anonymity is favored when a plaintiff seeks individualized relief but disfavored when he seeks program-wide relief.  Compare Doe v. Blinken, No. 24-1629, ECF No. 3 (Mem. Op. & Order) at 5 (D.D.C. June 11, 2024) ("When a plaintiff requests individualized relief against a government defendant — as here, where Doe challenges a year-long delay in adjudicating his SIV application — the fourth factor favors pseudonymity.") (citation omitted), with In re Sealed Case, 971 F.3d at 329 ("That public interest is intensified when, as here, the party asking to proceed anonymously seeks to alter the operation of public law both as applied to it and, by virtue of the legal arguments presented, to other parties going forward.").  Disclosure is favored here because Doe seeks program-wide relief.  See Am. Compl. at 2.

The fifth factor weighs against Plaintiff as well.  This factor disfavors pseudonymity unless the plaintiff offers to disclose her identity under seal.  See N.L. v. District of Columbia, No. 24-3165, ECF No. 5 (Mem. Op.) at 5–6 (D.D.C. Nov. 21, 2024).  Here, Doe has not so offered.  He has merely asserted that "[t]he government will receive Plaintiff's identity through appropriate channels" without any explanation as to what those channels might be.  See Second Mot. at 2.

In sum, all five factors support disclosure.  The Court therefore must conclude that Doe has not met his burden of showing that the public's presumptive "interest in knowing the identity of litigants" has been rebutted.  Doe v. DHS, 2022 WL 1210689, at *3 (D.D.C. Mar. 14, 2022).

**III.    Conclusion**

The Court accordingly ORDERS that:

1.  Plaintiff's [4] Motion for Leave to File Under Pseudonym is DENIED;

2.  Within fourteen days of the Court's Order, Plaintiff shall file a Notice advising the Clerk of the Court whether he wishes to proceed with filing the Complaint on the public docket using his real name, and, if so, shall also file his [4] Motion on the public docket; and

3.  If Plaintiff does not file such Notice within fourteen days, the Clerk is directed to terminate the case.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date:  April 23, 2026

5